IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. CIV S-06-1645-DFL-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| WALKER, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 8). Petitioner has not filed an opposition.

**I. BACKGROUND**

      Petitioner challenges prison disciplinary actions occurring between 1997 and 2002. Petitioner filed a petition for a writ of habeas corpus in the Kern County Superior Court on March 15, 2003. That petition was denied on April 18, 2003. Petition then filed a petition in the California Court of Appeal on September 22, 2003, which was denied on October 9, 2003. Almost three years later, on May 18, 2006, petitioner filed a second petition in the California

1

Court of Appeal raising the same claims as his prior petitions.  That petition was denied on May 25, 2006.  Finally, petitioner sought relief in the California Supreme Court on June 20, 2006, which denied the request on July 12, 2006.  The instant federal petition was filed on July 26, 2006.

## II.  DISCUSSION

Respondent argues, among other things, that the instant petition is untimely and that petitioner has failed to state a claim.  The court agrees.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  The one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000).  Imposition of a state procedural bar, however, does not necessarily render the application improperly filed.  See id. at 9.  For example, California's rule governing the timeliness of bringing an application for post-conviction relief is subject to numerous exceptions.  See In re Clark, 5 Cal.4th 750 (1993).  Because the state court would be required to examine the merits of a petition before deciding whether an exception applies, it

should be considered by the federal court to have been properly filed, even if untimely. See Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, because petitioner challenged an administrative decision, the one-year statute of limitations began to run under § 2244(d)(1)(D) when the petitioner became aware of the factual predicate for his claim. See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003). According to the petition, petitioner became aware of his claim at the earliest in 1997 and at the latest in 2002. If he became aware of the claim in 1997, the one-year statute of limitations ran before he filed his first state habeas petition in 2003. If he became aware of his claim in 2002 ( which seems unlikely given that he presented habeas petitions prior to that), the instant petition would still be untimely because he waited until 2006 to file his second petition in the California Court of Appeal.

/ / /

/ / /

1    To the extent petitioner would assert that he is entitled to tolling for the time
2 between his state court petitions, the court does not agree.   Where the petitioner unreasonably
3 delays between state court applications, however, there is no tolling for that period of time.  The
4 court finds that the delay between October 9, 2003 – when his second petition was denied – and
5 May 18, 2006 – when his third petition was filed – is unreasonable and petitioner offers no
6 argument to the contrary.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

    1.    Respondents' motion to dismiss (Doc. 8) be granted;

    2.    This petition be dismissed; and

    3.    The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 24, 2006.

                                                                     */s/ Craig M. Kellison*
                                                                       **CRAIG M. KELLISON**
                                                                       UNITED STATES MAGISTRATE JUDGE